IN THE UNITED STATES BANRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re: Veronica Rosanna Mapes  Case No. 07-21386-13-RDB
SSN: xxx-xx-7636

## AMENDED CHAPTER 13 PLAN

### NOTICES

**YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully, and discuss them with your attorney. Any party opposing any provision of this plan or any motion below must file a written objection by the date first set for the meeting of creditors.

**IF YOU ARE A SECURED CREDITOR, THIS PLAN MAY PROVIDE THAT YOU ACCEPT ITS TERMS.** If you are a creditor holding a secured claim(s) not subject to § 506 **you may be subject to a reduction in the interest rate you are otherwise entitled**. **If you otherwise object to your treatment under the Plan, file an objection**. See paragraph 4 below.

**IF YOU OBJECT TO CONFIRMATION,** you must file a written objection. This plan may be confirmed and the motions below granted WITHOUT FURTHER NOTICE unless timely objection to the motion(s) or confirmation is filed. If you hold a secured claim, this Plan is notice that your lien may be voided or modified as herein noted if you do not object.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to be paid under any plan that may be confirmed.

**This debtor is not eligible for a discharge in this case due to a prior filing.**

**1. ADMINISTRATION:**
Debtor's Address: 105 W 5th, Hoyt, KS 66440

**PLAN PAYMENT:**
Employer Pay: $60/biweekly by employer:   State of Kansas
                                          900 SW Jackson Street
                                          Landon Bldg
                                          Rm 351S
                                          Topeka, KS 66612

- Debtors consent in advance to any increase or decrease in the monthly amount required to maintain the Plan's feasibility.

**Administrative Costs:**
- The Filing Fee of $274 shall be paid through the Plan.
- Attorney's pre-confirmation fees of $2,199 shall be paid in full through the Plan.
- Attorney's post-confirmation fees shall be billed at an hourly rate, and paid through the Plan upon motion to and approval of the Court.
- Accrued attorney fees shall be disbursed any funds accrued that are not otherwise necessary for administration of the Plan, until the above fees are paid in full.

- The Trustee's fee shall be paid through the Plan at the Trustee's rate currently applicable, to be modified as required.

## 2. PRIORITY CLAIMS

The following priority claims, if allowed, will be paid in full unless creditor agrees otherwise:

| CREDITOR | TYPE OF PRIORITY | SCHEDULED AMOUNT | MONTHLY PAYMENT |
|---|---|---|---|
| KDOR | Income tax | $165 | As determined by trustee |
|  |  |  |  |
|  |  |  |  |

The Debtor shall pay Domestic Support Obligations that become due after filing of the petition as follows:

| DSO CREDITOR | SCHEDULED AMOUNT | MONTHLY PAYMENT |
|---|---|---|
| NONE |  |  |
|  |  |  |

## 3. PRIORITY CLAIMS SUBJECT TO SUBORDINATION
Pursuant to § 1322(a)(4), the following priority creditors shall not be paid in full:

| CREDITOR | REASON FOR SUBORDINATION | SCHEDULED AMOUNT |
|---|---|---|
| NONE |  |  |
|  |  |  |

## 4. SECURED CLAIMS NOT SUBJECT TO § 506
The following debts were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle or (2) incurred within one year before the petition date and secured by a purchase money security interest in any other thing of value.

(a) **PAYMENT OF SCHEDULED AMOUNT:**
- The Plan will pay the creditor the regular monthly payment until the applicable limit is met.
- The creditor may file a general unsecured claim for any residual amount due under applicable nonbankruptcy law; and participate in any payout, on a pro rata basis, to the general unsecured creditors.
- Debtor stipulates that the regular monthly amount as listed is an appropriate adequate protection payment.

| CREDITOR | COLLATERAL | SCHEDULED AMT. | VALUE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| NONE |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(b) **PAYMENT IN FULL:** Debtor proposes to pay the claims not subject to § 506 as listed below in full.

| CREDITOR | COLLATERAL | SCHEDULED AMT. | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| NONE | | | | |
| | | | | |

### 5. PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS AND PAYMENTS TO LESSORS

The Trustee shall, on the Debtor's behalf, make adequate protection payments to the following lessors of personal property prior to the confirmation of the plan, pursuant to § 1326(a)(1)(A)&(B):

| CREDITOR | AMOUNT OF MONTHLY PAYMENT |
|---|---|
| NONE | |
| | |
| | |

The Trustee shall, on the Debtor's behalf, make adequate protection payments to the following secured creditors prior to the confirmation of the plan, pursuant to § 1326(a)(1)(A)&(C):

| CREDITOR | AMOUNT OF MONTHLY PAYMENT |
|---|---|
| NONE | |
| | |
| | |

- The Trustee shall commence making such payments to the above creditors as soon as practicable after the filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on such payments. Upon confirmation the treatment of such claims will be governed by as otherwise directed by the Plan.
- Debtor moves the Court, under § 1326(a)(1), to direct the Trustee to make such payments.

### 6. SECURED CLAIMS AND MOTION TO VALUE COLLATERAL (§ 506 SECURED CLAIMS).

Debtor moves to value the collateral as indicated below. Debtor proposes to pay the claims not subject to § 506 the lesser of: the value of the collateral as listed in the Plan, the value of the collateral as listed in the creditor's proof of claim, or the amount of the claim as listed in the creditor's proof of claim. The excess of creditors' claim shall be treated as an unsecured claim. Any claim listed as "AVOIDED" in the value column below will be treated as an unsecured claim, and the lien avoided pursuant to § 506.

| CREDITOR | COLLATERAL | CLAIM AMOUNT | VALUE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |
| | | | | | |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### 7. SURRENDERED PROPERTY.

In addition to any property surrendered under 4(b), Debtor surrenders the following collateral. Upon confirmation, the stay is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under the plan until an amended proof of claim is filed by such creditor, reflecting any deficiency balance remaining following surrender. Debtor shall surrender the property when the creditor provides to Debtor's Counsel written instructions on the manner in which the property is to be surrendered.

| CREDITOR | COLLATERAL |
|---|---|
| Preferred Credit Inc | Kirby vacuum |
|  |  |

### 8. NON-PRIORITY UNSECURED CLAIMS
**Separately Classified Unsecured Claims**
    (1)  Cosigned claims shall be treated as follows:

| CREDITOR | COSIGNER | TREATMENT | AMOUNT |
|---|---|---|---|
| NONE |  |  |  |
|  |  |  |  |

    (2)  Other classified unsecured claims:

| CREDITOR | REASON FOR CLASSIFICATION | TREATMENT | AMOUNT |
|---|---|---|---|
| NONE |  |  |  |
|  |  |  |  |

General non-priority unsecured claims:

The Debtor shall pay sufficient funds to provide a residual pool to unsecured creditors of $0 ("Unsecured Pool"). This figure is derived from the Debtor's Disposable Income ($) multiplied by the Commitment Period (60 months). Payments to unsecured priority and general creditors, not otherwise provided for in this Plan, will be made from this pool. The unsecured creditors will receive all funds remaining in the Unsecured Pool after satisfaction of all allowed priority claims, including attorney fees.

### 9. CURING DEFAULT AND MAINTAINING PAYMENTS

(a)    Trustee shall pay the allowed claims for arrearages, and Debtor shall pay the postpetition monthly payments to creditor.

| CREDITOR | COLLATERAL | ESTIMATED ARREARAGE | INTEREST RATE | REGULAR PAYMENT AMOUNT |
|---|---|---|---|---|

| NONE | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

(b) Trustee shall pay the allowed claims for arrearages, and Trustee shall pay the postpetition monthly payments to creditor.

| CREDITOR | COLLATERAL | EST. ARREARAGE | INTEREST RATE | REGULAR PAYMENT AMOUNT |
|---|---|---|---|---|
| NONE | | | | |

## 10. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| CREDITOR | PROPERTY DESCRIPTION | TREATMENT UNDER PLAN |
|---|---|---|
| NONE | | |
| | | |

## 11. OTHER PLAN PROVISIONS AND MOTIONS

**(a)** **Motion to Avoid Lien under § 522(f).**
Debtor shall file motions to avoid liens on the following creditors:

| CREDITOR | COLLATERAL |
|---|---|
| NONE | |
| | |

**(b)** **Lien Retention and Motions to Avoid Liens**
Except as provided above in Paragraph 7 and 11(a), allowed secured claim holders retain liens until liens are released upon completion of all payments under the plan.

**(c)** **Debtors Certificate of Compliance with § 521 and Motion for Order Acknowledging Compliance**
Debtors Counsel (or debtor, if not represented by counsel) certifies that all information required under § 521(a)(1) has been filed and /or submitted to the trustee and moves the court for an order that such information satisfies the requirements of § 521 and that the case is not dismissed under § 521(i).

**(d)** **Vesting of Property of the Estate**
Property of the estate shall revest in the Debtor upon confirmation.

**(e)** **Direct Payment by Debtor**
Secured creditors and lessors to be paid directly by the Debtor shall continue to mail to Debtor the customary monthly notices or coupons notwithstanding the automatic stay.

**(g)** **Other, Special Provisions of the Plan Not Elsewhere Described:**
Debtor shall pay in approximately $3000 to cover the liquidation value of non-exempt property to her unsecured creditors.

Dated: July 25, 2007

Prepared By:

<u>/s/ Christopher R. Coons</u>
Christopher R. Coons 19408
PO Box 3407
Lawrence, KS 66046
(785) 856 8720
(785) 856 8727 FAX